GRIFFIN, J.,
concurring specially.
I concur in the decision of the majority to deny the petition for writ of habeas corpus, primarily because it does not appear that this pretrial “behavior order” was objected to at the time of its entry and because habeas corpus does not appear to be an appropriate means to obtain review of the order.
I am bound to say, however, that the Public Defender makes a persuasive case that there is no lawful authority for such an order. Indeed, the State offers none except the “inherent authority” of the court. I am not sure where the court gets the inherent authority to order a child, who is under the jurisdiction of the court because of an as yet unproven charge of criminal conduct, to: remain at home unless he is at school or in the company of his father, attend all classes, have no unexcused absence, no tardiness, no disciplinary referral, complete all required work, obey all school rules, all parental rules, not possess alcohol or illegal drugs, not possess any weapon, or associate with those who do. If the court can do this inherently, I am not sure what function the delinquency statutes serve. Such an order cannot be justified as a “condition of release” because the perceived problem with chapter 985 giving rise to entry of the “behavior order” in the first place is that the child can no longer be held in any form of *1291 detention prior to his adjudicatory hearing on March 19, 2007.
To the extent this “behavior order” is a device to access the detention available for contempt of court based on the juvenile’s violation of the court order, the State concedes that the juvenile could “appeal a finding that he was in contempt and thereby challenge the [behavior] order.”